UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**HOWARD E. BROWN,**

**Plaintiff,**

**v.** **Case No. 26-C-1482**

**E. JANSKY,**
**NURSE D. HENNING,**
**B. LIVINGSTON,**
**NURSE K. DELLISE,**
**LORI J. WACHHOLZ,**
**A. ALBERTSON,**
**J. KOEHLER,**
**A. MEJIA, and**
**M. PREBEG,**

**Defendants.**

---

## SCREENING ORDER

---

Plaintiff Howard E. Brown, who is currently serving a state prison sentence at Green Bay Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. On October 9, 2026, the court screened and dismissed Plaintiff's original complaint for violating Federal Rules of Civil Procedure 18 and 20 but allowed Plaintiff to file an amended complaint. Dkt. No. 8. This matter comes before the court to screen the amended complaint.

### SCREENING OF THE AMENDED COMPLAINT

The court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious,"

that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, I must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

**ALLEGATIONS OF THE AMENDED COMPLAINT**

According to Plaintiff, he saw Nurse Erin Jansky about a handcuff request on April 7, 2026. Plaintiff stated that he experienced pain in his shoulders when he was cuffed with normal handcuffs

and that the handcuffs left wounds on his wrists and cut off his circulation. Nurse Jansky expressed concern with the "two link" handcuffs that were applied on Plaintiff because it was an improper restraint for Plaintiff's body size. Nurse Jansky indicated she would refer Plaintiff for a front-cuff restriction or an extra cufflink restriction. Dkt. No. 9 at 3.

On June 10, 2026, Nurse Jansky told Plaintiff that the provider comes once a month and that she is responsible for placing inmates on the list to see the provider. Plaintiff asked Nurse Jansky if he could be placed on the list because he experienced pain being handcuffed behind his back. Nurse Jansky never responded to Plaintiff's request. Later that day, Plaintiff requested to be seen by the Health Services Unit because he pulled something in his thumb and wrist area due to the handcuffs. Nurse D. Henning told Plaintiff that he needed to submit a request to be seen by the Health Services Unit and did not provide him with treatment. *Id.* at 5.

On June 18, 2026, Plaintiff met with Nurse Jansky and showed her that the handcuffs caused him significant pain. Nurse Jansky responded that Plaintiff was referred for a handcuff restriction. Later that day, Plaintiff submitted a request to review his file. He noted that Nurse Jansky and B. Livingston had conversations about a Vaseline restriction, a bottom bunk restriction, and a medical shoe restriction, but they did not address Plaintiff's handcuff restriction. *Id.* at 6–7.

On July 21, 2026, Plaintiff met with provider L. Wachholz and Nurse Jansky. Plaintiff expressed that he experienced tremendous pain while being handcuffed and how numerous staff members had problems handcuffing him behind his back. Wachholz determined she would not recommend a handcuff restriction and instead deferred to security. She did not see any medical concerns with the handcuff and told Plaintiff to lose weight. *Id.* at 7–8.

Plaintiff submitted a request to the Health Services Unit for a second opinion regarding his conversation with Wachholz and Nurse Jansky. On July 22, 2026, Nurse Henning indicated that

his request for a second opinion was not medically indicated and that his issue was referred to the special needs committee. Plaintiff submitted another request to the Health Services Unit asking for a handcuff restriction. Nurse Henning and Nurse K. Dellise indicated that the special needs committee would review Plaintiff's request. On July 28, 2026, the special needs committee—A. Albertson, J. Koehler, A. Mejia, and M. Prebeg—denied Plaintiff's request for a handcuff restriction due to Plaintiff's assaultive history. Plaintiff seeks monetary damages. *Id.* at 8–10, 17.

## THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when he or she acts with deliberate indifference to the serious medical need of an incarcerated individual. *Cesal v. Moats*, 851 F.3d 714, 720–21 (7th Cir. 2017) (citing *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)). To state a claim, a plaintiff "must allege an objectively serious medical condition and an official's deliberate indifference to that condition." *Id.* at 721 (quoting *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)). An objectively serious medical need is one that has either been diagnosed by a physician and demands treatment or is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* (quoting *King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012)). The deliberate indifference standard is subjective and requires a plaintiff to allege that the official knew of, but disregarded, a substantial risk to the inmate's health. *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 836–38 (1994); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005)).

Plaintiff asserts that when he was handcuffed in the back, he experienced significant pain. Even though Nurse Jansky, Livingston, Wachholz, Nurse Henning, Nurse Dellise, Albertson, Koehler, Mejia, and Prebeg were aware of the significant pain being cuffed from behind caused Plaintiff, they delayed considering and ultimately denied his request for a handcuff restriction. Based on these allegations, Plaintiff may proceed with an Eighth Amendment claim that Nurse Jansky, Livingston, Wachholz, Nurse Henning, Nurse Dellise, Albertson, Koehler, Mejia, and Prebeg were deliberately indifferent toward a serious need by refusing to provide a medically necessary handcuff restriction.

**IT IS THEREFORE ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of Plaintiff's amended complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendants.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the amended complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution,

and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

Honorable William C. Griesbach
c/o Office of the Clerk
United States District Court
Eastern District of Wisconsin
125 S. Jefferson Street, Suite 102
Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Dated at Green Bay, Wisconsin this 4th day of November, 2026.

William C. Griesbach
United States District Judge